PURRINGTON *versus* PIERCE.

A deed of land and bond for a re-conveyance, on conditions, executed at the same time, constitute a mortgage.

Of the improvements made by the husband as mortgager, his widow is dowable.

But to make the bond operative as a mortgage, as against subsequent purchasers, it must be recorded.

Still, if unrecorded, and a subsequent purchaser is chargeable with notice of its existence, such notice, as to him, is equivalent to a registration of the bond.

Whether the provision in the R. S., requiring *actual notice* in the case of unrecorded deeds, will not exclude all modes of constructive notice, *quere.*

If, in the trial of a case, the Judge omits to give instructions upon the *effect* of testimony, on points to which his attention is not called, such omission is no ground for exceptions.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

ACTION OF DOWER, against the tenant of the freehold.

The question was, whether the demandant should have dower in the store built by her husband.

The land described in the writ and part of the buildings were conveyed by demandant's husband, in 1834, to Amos M. Roberts & als. After that conveyance, the demandant's husband remained in possession and built a store thereon in 1835. At the time of that conveyance, a bond was taken for a re-conveyance of the property on the payment of a sum of money in two years.

The Court instructed the jury, *that*, although demandant's husband might have a right to redeem said premises at the time the store was built, by virtue of the bond, unless the bond was recorded or defendant had notice of it when he purchased, she could not recover dower in the store, and that the jury in estimating damages would exclude the store. To which ruling the demandant excepted.

*Ingersoll*, for demandant.

1. The store having been built after the conveyance to Roberts and others, and while the bond was in force, was subject to dower. This was a mortgage.

2. The time of the alienation was not until there was a foreclosure or forfeiture of the bond, and the improvements made by demandant's husband are subject to dower. 4 Kent's Com. 66, (5th ed.)

3. The bond in this case, though unrecorded, was good against the defendant, who is chargeable with notice. The case is like *McLaughlin* v. *Shepherd*, 32 Maine, 143, and *McKecknie* v. *Hoskins*, 23 Maine, 233.

4. But a rule founded in equity, and said by Kent to be " the better and more reasonable American doctrine," is, to give the widow her dower according to the value at the time of assignment, deducting all improvements by the purchaser. 4 Kent's Com. 66, 67 and 68; 3 Mason, 375; 5 Sargeant & Rawle, 289.

*A. W. Paine*, and *J. H. Hilliard*, for tenant, cited 32 Maine, 143 ; *Thomaston* v. *Warren*, 28 Maine, 298 ; *Brewer* v. *Machias*, 27 Maine, 489 ; *Harpswell* v. *Phipsburg*, 29 Maine, 313 ; *Stowell* v. *Goodenow*, 31 Maine, 539 ; *State* v. *Shaw*, 33 Maine, 556 ; *Curtis* v. *Kennedy*, 3 Met. 405 ; *Emerson* v. *Hains*, 6 Met. 475.

RICE, J. — Was the bond on which the demandant relies executed, if at all, under such circumstances as to constitute it a defeasance ? To give it that operation against subsequent purchasers, it must not only have been executed at the time the deed was given, but, under the provisions of c. 36, § 3 of stat. of 1821, and of c. 91, § 27, R. S., it should have been duly recorded. The object of the Legislature, in requiring such instruments to be recorded, undoubtedly was, that all persons interested might know the true condition of the title. Such being the manifest object of the Legislature, our Courts, acting upon the principle of this provision, have held, that in all cases where subsequent purchasers had notice of the condition of the title, they should be entitled to the same rights in relation thereto, that they would have been, had the instrument of defeasance been recorded, and nothing more. This Court has also

decided that the open, continued and exclusive possession and occupancy of a house and lot, by a man who had conveyed the premises, and held a bond from his grantee for a reconveyance, were facts from which notice might be inferred that he was in possession by right, and under the title which he actually had. *McLaughlin* v. *Spofford*, 32 Maine, 143. This case seems to have been decided under the provisions of the statute of 1821, the demandant claiming title under an attachment made before the R. S. went into operation.

Whether the provision in the R. S. requiring *actual notice* in the case of unrecorded deeds, will not necessarily require a corresponding modification of the rule, applied to instruments of defeasance, it is not necessary now to determine. Strict legal analogy would seem to indicate such a result.

The jury in the case at bar, if they found the existence of the bond, were required also to find whether the tenant had notice of that fact when he purchased the estate.

Upon this point they were instructed, that unless the bond was recorded, or the defendant had notice of it when he purchased, she could not recover dower in the store.

It is not contended that the instruction, as a general proposition, is not correct. But complaint is made that it is too general in its character. That it does not point out what facts would be sufficient to authorize the jury to find notice; or in other words, the complaint is, that the Court did not instruct the jury that the facts in the case were such, as in law, necessarily implied notice.

The answer is twofold. First, the case does not find that the facts assumed by the counsel for the demandant were *proved*. Evidence, the competency of which is not now material, *tending* to prove these facts, was introduced. How the jury found, does not appear. Again, if the instructions were deemed too general in their terms, and were for that reason unsatisfactory, it was the duty of counsel to call for those of a more specific character. If a Judge omits to give instructions upon the effect of testimony, on points to

which his attention is not called, such omission is not cause for exceptions.        *Exceptions overruled.*

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.